IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22cv249-MR-WCM

| | |
|---|---|
| RONNIE PATTERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOWELL GRIFFIN, in his official ) <br> capacity as Henderson County ) <br> Sheriff and BRENT NICHOLSON ) <br> in his official capacity as a deputy ) <br> for the Henderson County Sheriff's ) <br> Office, ) <br> ) <br> Defendants. ) <br> ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on a Motion to Dismiss (Doc. 3) filed by Defendant Lowell Griffin, which Motion has been referred to the undersigned pursuant to 28 U.S.C. §636 for the entry of a memorandum and recommendation.

I. Background

On May 23, 2022, Plaintiff, through his attorney Michael Bender, filed this action in the Superior Court of Henderson County, North Carolina against the Sheriff of Henderson County, Lowell Griffin ("Sheriff Griffin"), and a deputy sheriff, Brent Nicholson ("Deputy Nicholson").

On November 29, 2022, Sheriff Griffin removed the matter to this Court.

1

The certificate of service for the Notice of Removal indicated that defense counsel mailed a copy of the Notice to Mr. Bender at his law firm's offices in Columbus, North Carolina. Doc. 1 at 4.

On November 30, 2022, notice was sent electronically to Mr. Bender advising him that he must satisfy the requirements for admission to the Western District of North Carolina and that he should register for e-filing access. A second notice was sent electronically to Mr. Bender on December 16, 2022 and a third notice was sent on December 30, 2022. Mr. Bender has not responded to these notices.

On December 19, 2022, Sheriff Griffin filed the Motion to Dismiss along with a supporting memorandum. Docs. 3, 4. The certificate of service for the Motion to Dismiss indicated that a copy was mailed to Mr. Bender at his law firm's offices in Forest City, North Carolina (as opposed to the firm's offices in Columbus where the Notice of Removal was sent). Doc. 3 at 2.

The deadline for Plaintiff to respond to the Motion to Dismiss was January 2, 2023. However, Plaintiff did not respond by that date.

On January 6, 2023, attorney Patrick Twisdale filed a Notice of Appearance on behalf of Plaintiff.[1] Doc. 5.

---

[1] Mr. Twisdale is shown as being a member of the same law firm as Mr. Bender.

By Order filed on January 10, 2023, the undersigned, acting *sua sponte*, extended the deadline for Plaintiff to respond to the Motion to Dismiss to and including January 23, 2022 and directed Plaintiff to make such filings on or before that date as were appropriate to clarify Mr. Bender's status as counsel in this matter, such as a motion to withdraw for Mr. Bender or confirmation that Mr. Bender had complied with the admission requirements. Doc. 6. The clerk was respectfully directed to transmit a copy of the Order to Mr. Bender via email and mail at the address(es) shown for him in the public records of the North Carolina State Bar.

Plaintiff did not respond to the Motion to Dismiss by the extended deadline of January 23, 2023. Likewise, no filings were made concerning Mr. Bender's status as counsel.

Consequently, by Order filed on January 27, 2023, the undersigned directed Plaintiff to show cause, on or before February 3, 2023, why the undersigned should not consider Plaintiff to have waived any opposition to the Motion to Dismiss and recommend that the District Court grant the Motion and dismiss Plaintiff's Complaint. Doc. 7.

Plaintiff did not respond to the show cause Order.

## II. Plaintiff's Allegations

In his Complaint, Plaintiff alleges that on May 23, 2019, he called the Henderson County Sheriff's Office to report that a person was exposing himself to individuals in Plaintiff's neighborhood. Doc. 1-1 at ¶ 8.

Deputies arrived a short time later, with Deputy Nicholson being the first to appear. Id. at ¶¶ 9-10.

Plaintiff alleges that while he was explaining the facts surrounding the call, Deputy Nicholson became verbally hostile toward Plaintiff and, after Plaintiff tried to leave, "slammed [Plaintiff] to the ground in an extremely forceful manner…." Id. at ¶¶ 11-13.

Plaintiff alleges that he suffered personal injuries that required hospitalization. He also alleges that, later, he was arrested for resisting a public officer but that the charge was dismissed. Id. at ¶¶ 14-17.

Plaintiff's Complaint contains a claim for "excessive force/unreasonable search and seizure/unlawful arrest" pursuant to 42 U.S.C. § 1983.

## III. The Motion to Dismiss

### A. Legal Standard

When considering a motion made pursuant to Rule 12(b)(6), the court, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff, determines "whether the complaint on its face states plausible claims upon which relief can be granted." Francis v.

Giacomelli, 588 F.3d 186, 189, 192 (4th Cir. 2009); accord Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### B. Sheriff Griffin's Position

Sheriff Griffin construes Plaintiff's Complaint as containing "two different theories of relief: excessive force and unlawful seizure from the arrest." Doc. 4 at 1.

Sheriff Griffin contends that the applicable statute of limitations for a claim for excessive force is three (3) years. He acknowledges that Plaintiff filed

his Complaint within that period following the subject incident but argues that the statute of limitations expired before Sheriff Griffin was served. In particular, Sheriff Griffin states that summonses were issued for him and for Deputy Nicholson on May 23, 2022, but that Plaintiff did not serve Sheriff Griffin within 60 days or obtain an extension or an alias and pluries summons for him until September 6, 2022. Doc. 4 at 5. Sheriff Griffin therefore contends that Plaintiff's claim was discontinued on August 24, 2022 (90 days after the Complaint was filed). Sheriff Griffin further argues that though Plaintiff did obtain an alias and pluries summons for Sheriff Griffin on September 6, 2022, and did serve Sheriff Griffin on October 31, 2022, Plaintiff's action is deemed to have commenced on September 6, 2022 and therefore is untimely.

With respect to Plaintiff's claim for unreasonable search and seizure or unlawful arrest, Sheriff Griffin notes that he has been sued in his official capacity but argues that Plaintiff has not articulated a basis for liability against him. Id. at 6. Specifically, he contends that Plaintiff has not sufficiently described how the alleged deprivation of Plaintiff's constitutional rights was caused by an official policy or custom of the Henderson County Sheriff's Office, as required by Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978).

### C. Plaintiff's Response

As described above, other than the notice of appearance by Mr. Twisdale, neither Plaintiff nor either of his attorneys have made any filings in this Court, including any response to the Motion to Dismiss.

### D. Discussion

By failing to respond to the Motion to Dismiss, Plaintiff has effectively waived any opposition to it. See e.g., Stewart Title Guar. Co. v. Sanford Title Servs., L.L.C., No. CIV.A. ELH-11-00620, 2011 WL 5547997, at *3 (D. Md. Nov. 10, 2011) ("Sanford Title and Jaffee have failed to respond to the Motion. The failure to respond to the Motion is tantamount to a waiver of any opposition on the merits.").

Nonetheless, the undersigned has considered whether the Motion to Dismiss presents a valid basis for dismissal. See Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n. 3 (4th Cir. 2014). In that regard, the undersigned finds Sheriff Griffin's arguments to be persuasive.

Rule 4 (a) of the North Carolina Rules of Civil Procedure requires that a summons be issued forthwith upon the filing of a complaint, and in any event within five days. "Personal service or substituted personal service of summons as prescribed by Rules 4(j) and (j1) must be made within 60 days after the date of the issuance of summons." Rule 4(c).

Section (d) of Rule 4 states in relevant part as follows:

> (d) Summons--Extension; endorsement, alias and pluries.--When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension:
>
> > (1) The plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. Return of the summons so endorsed shall be in the same manner as the original process. Such endorsement may be secured within 90 days after the issuance of summons or the date of the last prior endorsement, or
> >
> > (2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.
>
> ********
>
> Provided, further, the methods of extension may be used interchangeably in any case and regardless of the form of the preceding extension.

In addition, North Carolina Rule 4(e) provides that "[w]hen there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension be endorsed

8

by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement."

In this case, the documents filed with the Notice of Removal indicate that an original summons was issued for Sheriff Griffin on May 23, 2022. Doc. 1-1 at 2. However, Sheriff Griffin was not served thereafter within 60 days (July 22, 2022) and neither an endorsement nor an alias and pluries summons were obtained within 90 days (August 22, 2022).

An alias and pluries summons was subsequently issued to Sheriff Griffin by a deputy clerk of Superior Court on September 6, 2022.

Notations on the alias and pluries summons state that it was served on Sheriff Griffin on October 31, 2022.

Consequently, by operation of Rule 4 of the North Carolina Rules of Civil Procedure, Plaintiff's claims are deemed to have commenced on September 6, 2022 upon the issuance of the alias and pluries summons. As this date is more than three years beyond the date the claims accrued, they are time-barred. See Kimball v. Vernik, 208 N.C. App. 462, 466 (2010) (where plaintiff failed to sue out an alias and pluries summons within the ninety-day period, his action was deemed to have commenced on the date of issuance of the alias and pluries summons, and, because the action was deemed commenced one hundred days after the date the statute of limitations expired, plaintiff's claim was time-barred); see also Phoenix Colvard Development v. Sheldon Good & Company

International, LLC, No. 5:08-cv-00072, 2009 WL 159412, at *3 (W.D.N.C. Jan. 21, 2009) ("a defendant has a right to be heard in federal court if federal jurisdiction exists, even if the underlying case is subject to dismissal on state law grounds").

Further, Plaintiff's Complaint does not describe a policy or custom of the Henderson County Sheriff's Office that allegedly caused Plaintiff's injuries. Such factual allegations are required given that Plaintiff has named Sheriff Griffin and Deputy Nicholson in their official capacities. See e.g., Inscoe v. N. Carolina Dep't of Pub. Safety, No. 1:22-CV-00243-MR, 2023 WL 307463, at *3 (W.D.N.C. Jan. 18, 2023) (an official-capacity suit is treated as a suit against the entity, which must then be a moving force behind the deprivation; thus, the entity's policy or custom must have played a part in the violation of federal law) (internal quotations and citations omitted).

Therefore, the undersigned will recommend that Sheriff Griffin's Motion to Dismiss be granted.

### IV. Claims Against Deputy Nicholson

Pursuant to 28 U.S.C. § 1448, in cases removed from State court and in which any defendant has not been served with process, service may be completed in the same manner as in cases originally filed in federal court.

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a defendant is not served within 90 days after the complaint is filed, the court—

on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time, except that the court must extend the time for service if the plaintiff shows good cause for the failure.

As discussed above, other than the notice of appearance by Mr. Twisdale, no filing has been made by Plaintiff in this matter since the case was removed, and it does not otherwise appear from the record that Deputy Nicholson has ever been served with a summons and the Complaint.

Consequently, the undersigned will recommend that Plaintiff be advised, pursuant to Rule 4(m), that failure to provide, within 14 days, proof that Deputy Nicholson has been served will result in the dismissal without prejudice of Plaintiff's claim against Deputy Nicholson.[2]

---

[2] Sheriff Griffin suggests briefly that Plaintiff's excessive force claim against Deputy Nicholson, like Plaintiff's claim against Sheriff Griffin, is barred by the statute of limitations. See Doc. 4 at 3, n. 1 ("Although Brent Nicholson has not been served, the excessive force claim against him is also barred by the statute of limitations for the same reasons.").

## V. Recommendation

For the reasons set forth herein, the undersigned respectfully **RECOMMENDS:**

(1) That the Motion to Dismiss (Doc. 3) filed by Defendant Lowell Griffin be granted and that Plaintiff's claims against Sheriff Griffin be dismissed with prejudice.

(2) That Plaintiff be advised, pursuant to Rule 4(m), that failure to provide, within 14 days, proof that Deputy Nicholson has been served will result in the dismissal without prejudice of Plaintiff's claims against Deputy Nicholson.

Signed: March 7, 2023

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).